# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ADRIAN ALDON KEATON, #02295075 | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00575 |
| | § | Judge Mazzant/Judge Davis |
| KEITH A. MILKS, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff Adrian Aldon Keaton's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. #34), motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. #36), and motion to reopen the time to file an appeal (Dkt. #37). The first two of those motions also seek the recusal of the undersigned. Having reviewed the motions (Dkt. ##34, 36, 37), the other relevant filings, and the applicable authority, the Court finds that the motions should be denied.

## BACKGROUND

On April 22, 2026, the Magistrate Judge entered a Report and Recommendation (Dkt. #30) that Plaintiff's claims and lawsuit against Defendants be dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e). Plaintiff filed Objections (Dkt. #31) to the Report. On May 28, 2026, the Court overruled the Objections and adopted the findings and conclusions of the Magistrate Judge (Dkt. #32) and issued Final Judgment (Dkt. #33) dismissing the case. Plaintiff now seeks to alter or amend that judgment under Rule 59(e), or, in the alternative, relief from that judgment under Rule 60(b). (Dkt. ##34, 36). He also seeks the recusal and disqualification of the undersigned. *Id.* According to Plaintiff, the undersigned's purported "judicial bias and prejudice" in this case and

his 28 U.S.C. § 2254 case, Civil Action No. 4:22-cv-00329, require both recusal and relief from the Final Judgment entered in this case. (Dkt. #34 at 2; *see also* Dkt. #36 at 8).

**DISCUSSION**

**I. Recusal or Disqualification**

Disqualification and recusal of a federal judge are governed by 28 U.S.C. § 144 and § 455. Plaintiff does not indicate whether he brings his motion under § 144 or § 455. In an abundance of caution, the Court considers Plaintiff's motion under § 144 and § 455.

"Section 144 requires that when a party to any proceeding in a district court makes and files a timely and sufficient affidavit alleging that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further, and another judge shall be assigned to hear the proceeding." *Shugart v. Hoover*, No. 4:17-CV-633, 2018 WL 647769, at *1 (E.D. Tex. Jan. 31, 2018) (quoting *Thornton v. Hughes, Watters & Askanase, LLP*, No. 2:16-CV-66, 2016 WL 8710442, at *5 (S.D. Tex. Oct. 21, 2016), *report and recommendation adopted*, No. 2:16-CV-66, 2016 WL 6775676 (S.D. Tex. Nov. 16, 2016) (citing 28 U.S.C. § 144)). A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, would convince a reasonable person that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature. *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990) (citing *Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975)); *United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986). If the affidavit is not legally sufficient under § 144, there is no need for referral of the matter to another judge. *Henderson*, 901

F.2d at 1296; *Shugart*, No. 4:17-CV-633, 2018 WL 647769, at *1. Plaintiff is not entitled to a recusal under § 144 because he did not file a legally sufficient affidavit alleging personal bias or prejudice.

Under § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004); *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)). The Supreme Court has made clear that "[t]he recusal inquiry must be made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts and circumstances.*" *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913, 924 (2004) (quotation marks omitted); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1098 (2017). The Fifth Circuit has interpreted this mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156–57 (5th Cir. 1995). "Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety." *Shugart*, 2018 WL 647769, at *2 (citing H.R. REP. NO. 93-1453, at 6355 (1974)). Further, the recusal inquiry is "extremely fact intensive and fact bound" and

requires "a close recitation of the factual basis for the . . . recusal motion." *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000).

The main thrust of Plaintiff's motion is his concern that the undersigned's rulings in this case and his § 2254 case demonstrate bias against him. Prior adverse judicial rulings alone do not support an allegation of bias under § 455 or § 144. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992) (holding that a plaintiff's complaints about adverse rulings are not an adequate basis for demanding recusal). "In order for a judge to be disqualified for bias or prejudice, the bias must stem from an extrajudicial source and result in an opinion on some basis other than what the judge learned in the case." *Crawford v. United States Dept. of Homeland Sec.*, 245 F. App'x 369, 383 (5th Cir. 2007) (per curiam) (citing *Grinnell Corp.*, 384 U.S. at 583); *MMR Corp.*, 954 F.2d at 1045). Plaintiff has shown no such extrajudicial source of bias in any proceeding in this Court. Moreover, the orders and rulings in this case do "not demonstrate a deep-seated favoritism or antagonism that would make fair judgment impossible, [and therefore,] they fail to support a claim for bias or prejudice." *United States v. Stanley*, 595 F. App'x 314, 320 (5th Cir. 2014) (quotations omitted). Plaintiff's conclusory allegations do not establish that the undersigned is biased.

Because Plaintiff's Rule 59(e) and Rule 60(b) motions fail to sufficiently show bias or prejudice, the Court finds no basis for recusal in this matter.

## II. Relief Under Rule 59(e) and Rule 60(b)

Rule 59(e) of the Federal Rules of Civil Procedure permits this Court to alter or amend the judgment due to (1) an intervening change in controlling law, (2) availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or prevent a manifest injustice. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *Shackelford v. Harden*, No. 6:11CV701, 2012 WL 947668, at *1 (E.D. Tex. Mar. 20, 2012). A Rule 59(e) motion cannot be used to raise arguments that could, and should, have been made before the judgment issued. *See Russ v. Int'l Paper Co.*, 943 F.2d at 593. Additionally, a Rule 59(e) motion cannot be used as a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Chi v. United States*, No. 4:12CR155(1), 2022 WL 17347781, at *1 (E.D. Tex. Nov. 30, 2022) (quoting *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Plaintiff's arguments either were raised or could have been raised before Final Judgment was entered. Thus, there is no basis to grant the Rule 59(e) motion to alter or amend.

As to Federal Rule of Civil Procedure 60(b), there are several grounds upon which a "final judgment, order, or proceeding" may be set aside. Under Rule 60(b), a court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) "any other

reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6). Although the burden of proof for relief from a final judgment under Rule 60(b) is generally high, relief under Rule 60(b)(6) is granted only in "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 n.11 (1988).

A party is not entitled to relitigate his claims through a Rule 60(b)(6) motion. *See Stewart v. Leonard*, 695 F. App'x 800, 801 (5th Cir. 2017) ("A Rule 60(b) motion is not an opportunity to rehash prior arguments."); *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007) (noting that, as a general proposition, a Rule 60(b) motion is not a permissible method for a party to "relitigate its case"); *Carter v. Dolce*, 741 F.2d 758, 759 (5th Cir. 1984) (affirming denial of Rule 60(b) motion where plaintiff had previously litigated or had the opportunity to litigate the same claims). Nor may a Rule 60(b) motion be used to raise arguments that could have been raised prior to judgment or to argue new legal theories. *Rowe v. Skeen*, No. 6:21-CV-00202, 2023 WL 8591486, at *2 (E.D. Tex. Jan. 18, 2023) (citing *Williams v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 470 F. App'x 309, 313 (5th Cir. 2012) (noting that raising new legal theories and causes of action "are not proper uses of a Rule 60(b) motion")).

Plaintiff provides no basis for relief from judgment under any section of Rule 60(b). Other than a cursory citation in the motion's introduction, Plaintiff fails to address any of the grounds for relief enumerated in Rule 60(b)—let alone show that any of those grounds apply here. When, like here, a Rule 60(b) motion is brought together with a motion to recuse, the movant must make two distinct showings. The movant not only must show "that the undersigned should have recused" but "must *also* demonstrate why that failure to recuse is grounds for relief under Rule 60(b)."

*Marshall v. Carter*, No. 4:20-CV-993-SDJ, 2022 WL 2841483, at *2 (E.D. Tex. July 20, 2022) (quoting *Morrison v. Walker*, No. 1:13-CV-00327-KFG, 2016 WL 7637672, at *6 (E.D. Tex. Dec. 7, 2016), *aff'd*, 704 F. App'x 369 (5th Cir. 2017) (citing *Liljeberg*, 486 U.S. at 863)). Plaintiff has made neither showing.

As discussed above, Plaintiff has failed to show that the undersigned should have recused in this case. Furthermore, a judge's decision not to recuse constitutes an "extraordinary circumstance" that merits relief under Rule 60(b)(6) only when "extrajudicial sources" reveal the judge's bias and such bias is "so severe that it would be impossible for [the judge] to render a fair judgment." *Morrison*, No. 1:13-CV-00327-KFG, 2016 WL 7637672, at *10. Because no extraordinary circumstances exist based on the undersigned's decision not to recuse, relief is not warranted under Rule 60(b)(6).

Finally, a review of Plaintiff's Rule 60(b) motion reveals that he again impermissibly seeks to raise failed arguments. Plaintiff is not entitled to relitigate his original claims through a Rule 60(b)(6) motion. *See Stewart*, 695 F. App'x at 801. Nor is Plaintiff permitted to raise additional arguments that could have (and should have) been raised before the Court issued its Final Judgment in this case. *See Williams*, 470 F. App'x at 313; *Rowe*, No. 6:21-CV-00202, 2023 WL 8591486, at *2. Accordingly, Plaintiff has failed to meet his burden to demonstrate that his requested relief under Rule 60(b) is appropriate.

**III. Time to File an Appeal**

Federal Rule of Appellate Procedure 4(a)(6) states:

> **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Plaintiff appears to argue that he did not receive notice of the entry of Final Judgment within the time frame provided in Rule 4(a)(6)(A) and that he timely filed this motion under Rule 4(a)(6)(B). (Dkt. #37). But Plaintiff filed his Rule 59(e) motion seeking to alter or amend the Final Judgment just two days after judgment was entered. (Dkt. #34 at 1, 2). Thus, he cannot satisfy Rule 4(a)(6)(A) because he received notice within 21 days.

It is therefore **ORDERED** that Plaintiff's motions (Dkt. ##34, 36, 37) are **DENIED**. It is further **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 25th day of September, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE